KOVACH et al., Appellants,

v.

ERIE ISLANDS RESORT & MARINA, Appellee.

[Cite as *Kovach v. Erie Islands Resort & Marina* (1994), 93 Ohio App.3d 11.]

Court of Appeals of Ohio,
Ottawa County.

No. 93OT032.

Decided Feb. 4, 1994.

*John Blaufuss,* for appellants.

*John A. Coppeler* and *Randolph E. Digges III,* for appellee.

HANDWORK, Judge.

This case is before the court on appeal from the June 11, 1993 judgment of the Ottawa County Court of Common Pleas, which granted the motion for summary judgment filed by Erie Islands Resort & Marina and dismissed the complaint of Mark R. and Joy Kovach. On appeal, appellants, Mark and Joy Kovach, assert the following assignment of error:

"The trial court erred in ruling that a consumer transaction which included a health club membership as well as other services was exempt from Ohio's Prepaid Entertainment Contract[s] Act."

On July 22, 1988, the Kovaches entered into a contract with Erie Islands Resort & Marina to purchase an undivided one-fifteen thousandth interest in certain real estate located in Ottawa County, Ohio. The property consisted of campsites and other resort and recreational facilities. The Kovaches entered into the contract following a sales presentation during which the sales agent promoted the health club facilities that would be available to the purchasers. The Kovaches sought to rescind this contract on December 11, 1991. The Erie Islands Resort & Marina refused to rescind the contract. Consequently, the Kovaches filed suit against Erie Islands Resort & Marina, alleging that it violated R.C. 1345.43 because the Kovaches were not notified of their right to cancel the contract at the time that the purchase contract and promissory note were executed.

Following the filing of a motion for summary judgment by Erie Islands Resort & Marina, the trial court concluded that R.C. 1345.43 is not applicable in this case. Therefore, the trial court dismissed the complaint.

On appeal, appellants assert in their sole assignment of error that the trial court erred in ruling that R.C. 1345.43 is inapplicable under the circumstances of this case.

R.C. 1345.43 is part of the Prepaid Entertainment Contracts Act enacted in 1976. That Act was designed "to protect consumers against being high-pressured into personal service contracts that the consumer finds, after he begins receiving the services, does not benefit him as he was led to believe they would, and costs far more than he realized when he signed the contract." S.B. No. 157, Legislative History as Reported by H. Judiciary, Mar. 9, 1976. R.C. 1345.41(A) identifies the personal service contracts that are covered by the Act. That section provides that:

"(A) 'Prepaid entertainment contract' means a contract under which the buyer of a service pays for or becomes obligated to pay for service prior to the buyer's receipt of or enjoyment of any or all of the service and that is a contract for:

" * * *

"(4) Health spa service, which includes contracts for instruction, training, or assistance in physical culture, body-building, exercising, reducing, figure development, or any other similar activity or for the use of the facilities of a health spa, gymnasium, or other facility used for any purpose described in this division, or for membership in any group, club, association, or organization formed for any purpose described in this division."

R.C. 1345.43 provides that the buyer of the services has the right to cancel the contract and must be notified of the right to cancel.

It is clear in this case that appellants entered into a contract to purchase an interest in real estate rather than for personal services or membership in any club or organization. Consequently, R.C. 1345.43 is not applicable in this case. As a court, we cannot expand the Prepaid Entertainment Contracts Act beyond the limits set by the legislature.

Accordingly, we find appellants' sole assignment of error not well taken. The judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.

*Judgment affirmed.*

ABOOD, P.J., and SHERCK, J., concur.